[Civ. No. 5822. First Appellate District, Division Two.—August 19, 1927.]

HUDSON GRANT, as Executor, etc., Appellant, v. MR. and MRS. GLADSTONE, Respondents.

A. G. Bailey for Appellant.

Joseph Farry and H. A. Van der Zee for Respondents.

KOFORD, P. J.—This action was filed May 26, 1923. The complaint alleged that within four years last past defendants became indebted to Benjamin B. Tuttle, who died November 29, 1921, in the sum of $2,000 upon an open book account for moneys loaned to defendants. Defendants denied the loan, alleged a gift, and set up the statute of frauds.

Plaintiff's proof consisted of offering in evidence a memorandum-book in the form of a diary ruled horizontally into spaces with printed dates. On the page thereof headed "April, 1920," and in the space dated "16 Fri." is found the following entry in the handwriting of the plaintiff's testator: "16 Fri. Loaned Mr. and Mrs. H. V. Gladstone 1,800.00 to pay on a new house purchased by them the amount was to draw 6 pr ct ints. 183 Del Mar St. is the no. I also loaned Mr. H. V. Gladstone 200—for the purpose buying this same house, making in all 2,000 dollars to draw 6 pr ct." Upon proof of the handwriting of the deceased, this book was received in evidence subject to objections as to its sufficiency and as to the sufficiency of its preliminary proof.

The defendants' testimony was uncontradicted and was to the effect that the money was given and received as an absolute gift.

The court found that the deceased did not lend the said defendants said sum. This is a finding in favor of the defense of gift. The court also found that the action was barred by Code of Civil Procedure, section 339, subdivision 1. This means that the item in the memorandum-book was not an open book account within the meaning of Code of Civil Procedure, section 337, subdivision 2. Either one of

these findings alone would support the judgment, which was for the defendants.

Appellant claims that the testimony of Mrs. Gladstone, the defendant, is "inconsistent with the idea of a gift in two particulars," first, that Mr. Gladstone asked the deceased if he would accept a note and stated that he could not give a mortgage, and, second, that defendants paid interest on two occasions. ■ Simply because there are inconsistencies in one's testimony does not necessarily mean that it will not support a finding. ■ Appellant fails to indicate how the testimony as a whole is insufficient to show a gift. However, these "inconsistencies" were explained by the defendant, Mrs. Gladstone, in her testimony. She testified to the effect that the deceased refused the note and mortgage declaring at the time that he wanted to do something for her and that that was his time to do it; that he would not "stand for" any evidence of the money; that he had previously frequently expressed his intention of making her a gift; that at the time of the gift defendants voluntarily offered to pay interest, placing the offer upon the ground that, as the gift was made then instead of by will, he should have interest the same as though he had kept the money until his death; that the defendant refused to accept interest, but finally at a later date accepted it "when he returned from the East." We have read but have not set forth herein all the material testimony concerning the gift.

The testimony was not insufficient to support the court's finding in favor of the defense of gift.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.